UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. __15-1233__     Caption: __Grathwol v. Coastal Carolina Developers, Inc., et al.__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__Robin Dale Grathwol as a Shareholder of Coastal Carolina Developers, Inc.__
(name of party/amicus)

_____

who is _____Appellant_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1. Is party/amicus a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO

2. Does party/amicus have any parent corporations?  ☐ YES ☑ NO
   If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO
   If yes, identify all such owners:

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?  ☐ YES ☑ NO
If yes, identify entity and nature of interest:

5. Is party a trade association? (amici curiae do not complete this question)  ☐ YES ☑ NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6. Does this case arise out of a bankruptcy proceeding?  ☑ YES ☐ NO
If yes, identify any trustee and the members of any creditors' committee:
None; Final Decree entered in the Chapter 11 proceeding case number 12-00294-8-SWH on December 5, 2014.

Signature: s/George Mason Oliver     Date: 3/19/2015

Counsel for: Robin Dale Grathwol, Shareholder

# CERTIFICATE OF SERVICE
**************************

I certify that on  3/19/2015  the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

| | |
|---|---|
| David J. Haidt, Esq.<br>Ayers & Haidt, P.A.<br>PO Box 1544<br>New Bern, NC  28563<br>Counsel for Defendants-Appellees Coastal Carolina Developers, Inc., B. Leon Skinner, BLS Lands, LLC, Walter T. Wilson, and Coswald, LLC | F. Darryl Mills, Esq.<br>Jackson, Mills & Carter, PA<br>5710 Oleander Drive, Suite 112<br>Wilmington, NC  28403<br>Counsel for Defendants-Appellees Coastal Carolina Developers, Inc., B. Leon Skinner, BLS Lands, LLC, Walter T. Wilson, and Coswald, LLC |

s/George Mason Oliver     3/19/2015
(signature)     (date)

- 2 -