**RECORD NO. 15-1233(L)**
**CONSOLIDATED W/15-1236 & 15-1237**

IN THE

# United States Court of Appeals
### FOR THE FOURTH CIRCUIT

Record No. 15-1233(L)

In re:  ROBIN DALE GRATHWOL, a/k/a Robin Grathwol Tinney,
a/k/a Robin Grathwol Randalll,

*Debtor,*

-------------------------------------------------

ROBIN DALE GRATHWOL,

*Plaintiff-Appellant,*

v.

COASTAL CAROLINA DEVELOPERS, INCORPORATED; B. LEON
SKINNER; BLS LANDS, LLC; WALTER T. WILSON; COSWALD, LLC,

*Defendants-Appellees.*

Record No. 15-1236

ANN F. GRATHWOL LIVING TRUST; ROBIN DALE GRATHWOL,

*Plaintiffs-Appellants,*

v.

COASTAL CAROLINA DEVELOPERS, INCORPORATED; COSWALD, LLC;
B. LEON SKINNER; WALTER T. WILSON; HANOVER LAND, LLC;
W AND B INVESTMENT COMPANY, INCORPORATED,

*Defendants-Appellees.*

Record No. 15-1237

LEGACY GROUP OF NC, INC.,

*Plaintiff-Appellant,*

v.

COASTAL CAROLINA DEVELOPERS, INCORPORATED,

*Defendant-Appellee,*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

**OPENING BRIEF OF APPELLANTS**

**COUNSEL LISTED ON BACK OF COVER**

LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia  23219 (804) 644-0477
A Division of Lantagne Duplicating Services

**RECORD NO. 15-1233(L)**
**CONSOLIDATED W/15-1236 & 15-1237**

George Mason Oliver
LAW OFFICE OF OLIVER & CHEEK, PLLC
405 Middle Street
New Bern, NC 28563
(252) 633-1930
george@olivercheek.com

*Counsel for Appellants*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. __15-1233__        Caption: __Grathwol v. Coastal Carolina Developers, Inc., et al.__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__Robin Dale Grathwol as a Shareholder of Coastal Carolina Developers, Inc.__
(name of party/amicus)

who is _____ Appellant _____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.    Is party/amicus a publicly held corporation or other publicly held entity? ☐ YES ☑ NO

2.    Does party/amicus have any parent corporations?                             ☐ YES ☑ NO
      If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                                               ☐ YES ☑ NO
      If yes, identify all such owners:

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))? ☐YES ☑NO
If yes, identify entity and nature of interest:

5. Is party a trade association? (amici curiae do not complete this question) ☐YES ☑NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6. Does this case arise out of a bankruptcy proceeding? ☑YES ☐NO
If yes, identify any trustee and the members of any creditors' committee:

None; Final Decree entered in the Chapter 11 proceeding case number 12-00294-8-SWH on December 5, 2014.

Signature: __s/George Mason Oliver__    Date: __3/19/2015__

Counsel for: __Robin Dale Grathwol, Shareholder__

## CERTIFICATE OF SERVICE

**************************

I certify that on ____3/19/2015____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

David J. Haidt, Esq.
Ayers & Haidt, P.A.
PO Box 1544
New Bern, NC 28563
Counsel for Defendants-Appellees Coastal Carolina Developers, Inc., B. Leon Skinner, BLS Lands, LLC, Walter T. Wilson, and Coswald, LLC

F. Darryl Mills, Esq.
Jackson, Mills & Carter, PA
5710 Oleander Drive, Suite 112
Wilmington, NC 28403
Counsel for Defendants-Appellees Coastal Carolina Developers, Inc., B. Leon Skinner, BLS Lands, LLC, Walter T. Wilson, and Coswald, LLC

__s/George Mason Oliver__                    __3/19/2015__
(signature)                                           (date)

- 2 -

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of all parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. __15-1233__     Caption: __Grathwol, et al. v. Coastal Carolina Developers, Inc., et al.__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__Ann F. Grathwol Living Trust__
(name of party/amicus)

_____

who is _____Appellant_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.    Is party/amicus a publicly held corporation or other publicly held entity?    ☐ YES ☑ NO

2.    Does party/amicus have any parent corporations?    ☐ YES ☑ NO
      If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?    ☐ YES ☑ NO
      If yes, identify all such owners:

10/28/2013 SCC                    - 1 -

4.  Is there any other publicly held corporation or other publicly held entity that has a direct
    financial interest in the outcome of the litigation (Local Rule 26.1(b))?  ☐YES ☑NO
    If yes, identify entity and nature of interest:

5.  Is party a trade association? (amici curiae do not complete this question)  ☐YES ☑NO
    If yes, identify any publicly held member whose stock or equity value could be affected
    substantially by the outcome of the proceeding or whose claims the trade association is
    pursuing in a representative capacity, or state that there is no such member:

6.  Does this case arise out of a bankruptcy proceeding?  ☑YES ☐NO
    If yes, identify any trustee and the members of any creditors' committee:

    None; Final Decree entered in the Chapter 11 proceeding case number 12-00294-8-SWH on
    December 5, 2014.

Signature: s/George Mason Oliver                    Date: _____3/19/2015_____

Counsel for: Ann F. Grathwol Living Trust

## CERTIFICATE OF SERVICE
****************************

I certify that on _____3/19/2015_____ the foregoing document was served on all parties or their
counsel of record through the CM/ECF system if they are registered users or, if they are not, by
serving a true and correct copy at the addresses listed below:

David J. Haidt, Esq.                          F. Darryl Mills, Esq.
Ayers, Haidt & Trabucco, P.A.                 Jackson, Mills & Carter, PA
PO Box 1544                                   5710 Oleander Drive, Suite 112
New Bern, NC  28563                           Wilmington, NC  28403
Counsel for Defendants-Appellees Coastal Carolina   Counsel for Defendants-Appellees Coastal Carolina
Developers, Inc., W and B Investment Company,Inc.    Developers, Inc., W and B Investment Company,Inc.
Coswald, LLC, B. Leon Skinner, & Walter T. Wilson   Coswald, LLC, B. Leon Skinner, & Walter T. Wilson

s/George Mason Oliver                                   3/19/2015
_____(signature)_____                              _____(date)_____

- 2 -

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. 15-1233    Caption: Grathwol, et al. v. Coastal Carolina Developers, Inc., et al.

Pursuant to FRAP 26.1 and Local Rule 26.1,

Robin Dale Grathwol
(name of party/amicus)


who is _____Appellant_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)


1.    Is party/amicus a publicly held corporation or other publicly held entity? ☐ YES ☑ NO


2.    Does party/amicus have any parent corporations? ☐ YES ☑ NO
       If yes, identify all parent corporations, including grandparent and great-grandparent corporations:



3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity? ☐ YES ☑ NO
       If yes, identify all such owners:

4.    Is there any other publicly held corporation or other publicly held entity that has a direct
financial interest in the outcome of the litigation (Local Rule 26.1(b))?    ☐YES ☑NO
If yes, identify entity and nature of interest:

5.    Is party a trade association? (amici curiae do not complete this question)    ☐YES ☑NO
If yes, identify any publicly held member whose stock or equity value could be affected
substantially by the outcome of the proceeding or whose claims the trade association is
pursuing in a representative capacity, or state that there is no such member:

6.    Does this case arise out of a bankruptcy proceeding?    ☑YES ☐NO
If yes, identify any trustee and the members of any creditors' committee:
None; Final Decree entered in the Chapter 11 proceeding case number 12-00294-8-SWH on
December 5, 2014.

Signature: s/George Mason Oliver          Date:    3/19/2015

Counsel for: Robin Dale Grathwol

## CERTIFICATE OF SERVICE
**************************

I certify that on ____3/19/2015____ the foregoing document was served on all parties or their
counsel of record through the CM/ECF system if they are registered users or, if they are not, by
serving a true and correct copy at the addresses listed below:

David J. Haidt, Esq.
Ayers, Haidt & Trabucco, P.A.
PO Box 1544
New Bern, NC 28563
Counsel for Defendants-Appellees Coastal Carolina
Developers, Inc., W and B Investment Company,Inc.
Coswald, LLC, B. Leon Skinner, & Walter T. Wilson

F. Darryl Mills, Esq.
Jackson, Mills & Carter, PA
5710 Oleander Drive, Suite 112
Wilmington, NC 28403
Counsel for Defendants-Appellees Coastal Carolina
Developers, Inc., W and B Investment Company,Inc.

s/George Mason Oliver                    3/19/2015
(signature)                              (date)

- 2 -

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. __15-1233__    Caption: __Grathwol, et al. v. Coastal Carolina Developers, Inc., et al.__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__Legacy Group of NC, Inc.__
(name of party/amicus)

_____

who is _____Appellant_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.    Is party/amicus a publicly held corporation or other publicly held entity?    ☐ YES ☑ NO

2.    Does party/amicus have any parent corporations?    ☐ YES ☑ NO
      If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?    ☐ YES ☑ NO
      If yes, identify all such owners:

4.  Is there any other publicly held corporation or other publicly held entity that has a direct
    financial interest in the outcome of the litigation (Local Rule 26.1(b))?  ☐ YES ☑ NO
    If yes, identify entity and nature of interest:

5.  Is party a trade association? (amici curiae do not complete this question)  ☐ YES ☑ NO
    If yes, identify any publicly held member whose stock or equity value could be affected
    substantially by the outcome of the proceeding or whose claims the trade association is
    pursuing in a representative capacity, or state that there is no such member:

6.  Does this case arise out of a bankruptcy proceeding?  ☑ YES ☐ NO
    If yes, identify any trustee and the members of any creditors' committee:
    None; Final Decree entered in the Chapter 11 proceeding case number 12-00294-8-SWH on
    December 5, 2014.

Signature: s/George Mason Oliver                    Date:     3/19/2015

Counsel for: Legacy Group of NC, Inc.

## CERTIFICATE OF SERVICE
**************************

I certify that on ____3/19/2015____ the foregoing document was served on all parties or their
counsel of record through the CM/ECF system if they are registered users or, if they are not, by
serving a true and correct copy at the addresses listed below:

David J. Haidt, Esq.                          F. Darryl Mills, Esq.
Ayers, Haidt & Trabucco, P.A.                 Jackson, Mills & Carter, PA
PO Box 1544                                   5710 Oleander Drive, Suite 112
New Bern, NC  28563                           Wilmington, NC  28403
Counsel for Defendant-Appellee Coastal Carolina    Counsel for Defendant-Appellee Coastal Carolina
Developers, Inc.                              Developers, Inc.

s/George Mason Oliver                              3/19/2015
_____                            _____
     (signature)                                     (date)

# **TABLE OF CONTENTS**

Page

TABLE OF CONTENTS.........................................................................i

TABLE OF AUTHORITIES ................................................................ ii

JURISDICTIONAL STATEMENT ........................................................1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ............................2

STATEMENT OF THE CASE.................................................................3

      A.     Statement of Relevant Facts ..................................................3

            i.     Grathwol's Business Activities Before Bankruptcy Filing ........3

            ii.    Grathwol Files for Bankruptcy Relief ........................................4

            iii.   Grathwol Files the Adversary Proceedings ...............................7

            iv.   Grathwol's Activities Since the Appeals were Filed.................8

      B.     Proceedings and Dispositions of the Courts Below ..............................8

            i.     Bankruptcy Court Grants the Defendant-Appellee's Motions to Dismiss for Lack of Subject Matter Jurisdiction ......................................................................8

            ii.    District Court Affirms Bankruptcy Court's Dismissal for Lack of Subject Matter Jurisdiction.........................10

SUMMARY OF THE ARGUMENT .....................................................11

ARGUMENT ...................................................................................13

    I.    STANDARD OF REVIEW.........................................................13

i

II.    THE LACK OF SUBSTANTIAL CONSUMMATION IS DISPOSITIVE ON WHETHER THE ADVERSARY PROCEEDINGS ARE WITHIN THE BANKRUPTCY COURT'S RELATED TO JURISDICTION ............................................................13

III.   GRATHWOL'S PROSECUTION OF THE ADVERSARY PROCEEDINGS IS NOT AN ATTEMPT TO INCREASE RECOVERY TO GENERAL UNSECURED CLAIMANTS, BUT ENSURE FULL RECOVERY IS POSSIBLE ...........................................17

CONCLUSION .....................................................................................................20

STATEMENT REGARDING ORAL ARGUMENT ............................................21

CERTIFICATE OF COMPLIANCE .....................................................................21

CERTIFICATE OF SERVICE ..............................................................................22

# TABLE OF AUTHORITIES

## CASES

*In re Coats*,
  435 B.R. 915 (Bankr. E.D.N.C. 2010)..............................................................19

*In re Dean Hardwoods*,
  431 B.R. 387 (Bankr. E.D.N.C. 2010)..............................................................12

*Educational Credit Management Corp. v. Kirkland (In re Kirkland)*,
  600 F.3d 310 (4th Cir. 2010) ...................................................... 13-14

*HAJMM Co. v. House of Raeford Farms, Inc.*,
  403 S.E.2d 483 (1991) ....................................................................19

*In re Premier Automotive Services, Inc.*,
  492 F.3d 274 (4th Cir. 2007) ........................................................16

*In re Runski*,
  102 F.3d 744 (4th Cir. 1996) ........................................................13

*Valley Historic Ltd. P'Ship v. Bank of New York*,
  486 F.3d 831 (4th Cir. 2007) ...............................................10, 14, 17

## STATUTES

11 U.S.C. § 547....................................................................................................7

11 U.S.C. § 548....................................................................................................7

11 U.S.C. § 1101(2) ...........................................................................................12

28 U.S.C. § 157(a) ..............................................................................................1

28 U.S.C. § 157(c)(1)..........................................................................................1

28 U.S.C. § 158(a)(1)......................................................................................1, 11

iii

28 U.S.C. § 158(d)(1)................................................................................2

28 U.S.C. § 1334.....................................................................................1

**RULES**

Fed. R. Bankr.  P. 7001 ...........................................................................1

Fed. R. Bankr.  P. 7019 ...........................................................................1

Fed. R. Bankr.  P. 8001 ...........................................................................1

Fed. R. Bankr.  P. 8002 ...........................................................................1

## JURISDICTIONAL STATEMENT

This appeal is taken from the final order and judgment of the District Court for the Eastern District of North Carolina (the "District Court") affirming a final order of the Bankruptcy Court for the Eastern District of North Carolina (the "Bankruptcy Court") dismissing the Appellants', Robin Dale Grathwol ("Grathwol") as shareholder of Coastal Carolina Developers, Inc. ("CCD"), the Ann F. Grathwol Living Trust (the "Living Trust"), and Legacy Group of NC, Inc. ("Legacy Group") adversary proceedings filed after Grathwol's individual chapter 11 bankruptcy case had been confirmed, but not substantially consummated, for lack of subject matter jurisdiction.    (Joint Appendix "J.A." 259-260).  The Appellants timely filed their Notices of Appeal on March 3, 2014.  (J.A. 657-659, 939-941, and 1201-1203).

The Bankruptcy Court had subject matter jurisdiction over the underlying adversary proceedings pursuant to Federal Rules of Bankruptcy Procedure 7001 and 7019, 28 U.S.C. § 1334, which confers bankruptcy jurisdiction on district courts, 28 U.S.C. § 157(a) and (c)(1), which allow district courts to refer bankruptcy matters to bankruptcy courts, and the General Order of Reference entered in the District Court on August 3, 1984.

The District Court had appellate jurisdiction pursuant to 28 U.S.C. § 158(a)(1) and Federal Rules of Bankruptcy Procedure 8001 and 8002, as they

1

existed when the Appellants filed their Notice of Appeal from the Bankruptcy Court's order. On January 12, 2015, the District Court entered an Order affirming the decision of the Bankruptcy Court (J.A. 697-707) and Judgment (J.A. 708, 990, and 1250). The Appellants timely filed their Notices of Appeal from the District Court's Order on February 11, 2015 (J.A. 709-711, 991-993, and 1251-1253).

This Court has appellate jurisdiction over the District Court order affirming the Bankruptcy Court order dismissing the adversary proceedings for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 158(d)(1), which provides, "[t]he court of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section."

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1.    Is the lack of substantial consummation of a confirmed chapter 11 plan of reorganization dispositive on whether an adversary proceeding that has the potential to increase funds available to pay creditors is related to the interpretation, implementation, consummation, execution, or administration of the confirmed plan?

2.    Whether the prosecution of the state law causes of action alleged in the Adversary Proceedings, as defined supra at p. 10, are within Grathwol's "business

2

activities" as the term was used in the Plan of Reorganization and Order Confirming Plan.

3.     Do the Adversary Proceedings initiated by the Appellants have the requisite "close nexus" to the confirmed Plan of Reorganization of Grathwol or her bankruptcy proceedings to bring them within the Bankruptcy Court's related to jurisdiction?

## STATEMENT OF THE CASE

**A.    Statement of Relevant Facts**

### i.    Grathwol's Business Activities Before Bankruptcy Filing

For all of her adult life, Grathwol has been an entrepreneur.  She has owned and operated many limited liability companies engaged in various entrepreneurial pursuits including owning the rights to royalties from Grathwol's work as a stunt-woman in films, providing consulting services, and purchasing, developing, managing, and selling real property in North Carolina and Colorado since 1984. Grathwol would historically partner with others to form different companies, which pursued the aforementioned different entrepreneurial interests.

In the course of Grathwol's business activities prior to her filing for bankruptcy relief, she has initiated legal action against CCD and the other members of CCD because they failed to act in the best interests of CCD.  The prosecution of claims held by CCD, of which she is a one-third (1/3) owner, is a

part of her fiduciary duty to CCD and Grathwol's business activities as a member thereof.   At all times, Grathwol's day-to-day activities have revolved around increasing her personal income by growing the value of the different companies that she owns membership interests in, and litigation is a tool she has used to enforce her rights and recover losses sustained by the companies.

### ii.      Grathwol Files for Bankruptcy Relief

On January 13, 2012 (the "Petition Date"), Grathwol filed a voluntary petition for relief in the Bankruptcy Court, Case No. 12-00294-8-SWH (J.A. 42-54, 712-724, and 994-1006).  Her filing was necessitated by the decrease in value of her real property assets and subsequent decrease in cash flow of the multitude of companies she owns an interest in.  Through the reorganization process, Grathwol sought to renegotiate the terms of her obligations and relinquish membership interests in certain limited liability companies and other entities, which were no longer profitable.  On May 11, 2012, Grathwol filed her Plan of Reorganization (J.A. 122) and Disclosure Statement (J.A. 140) through which she proposed to pay all of her creditors in full through the distributions paid to her by the Development Companies, as defined below, and to steadily reduce her salary over the course of eight (8) years to allow as much money as possible to be paid to her creditors as quickly as possible.  The reduction in Grathwol's salary was to incentivize her to

maximize the value of her ownership interests in the Development Companies and the distributions made to her by the Development Companies.

On September 27, 2012, the Bankruptcy Court held a hearing to determine whether Grathwol's Plan of Reorganization should be confirmed. After determining that the Plan of Reorganization complied with all applicable Bankruptcy Code provisions, the Bankruptcy Court entered the Order Confirming Plan, which included the following treatment for Grathwol's general unsecured creditors:

(3) Treatment. The approximate total of general unsecured claims and known deficiency claims based on claims filed or scheduled as of the date of the filing of this Plan is $1,007,210.27. The Debtor shall pay all allowed claims in this class in full, as follows:
  The Debtor shall pay the greater of:
    a. Annual payments as follows:
      i. Year One: $25,000.00
      ii. Year Two: $25,000.00
      iii. Years Three through Ten: Annual payments based on an eight year amortization of the balance owed to this class, including accrued interest of 1.5% per annum for Year One and Year Two, and 3.0% interest per annum for Years Three through Ten. For feasibility purposes, the Debtor estimates that the annual payments for Years Three through Ten
will be $140,665.22.
OR
    b. For a period of ten (10) years following the Effective Date (the "Distribution Period"), the Debtor shall pay to general unsecured creditors an amount equal to seventy percent (70 %) of the "Net Development Profits" received by the Debtor from each of the following companies: The Legacy Group of NC,

5

Inc., Coastal Carolina Developers, Inc.[1], GRRG Productions, Inc., Hanover Land, LLC, Brookside Gardens, LLC, Brookdale Farms, LLC, R3 Environmental, LLC, MSW Tech, LLC, Transcendence Energy, LLC, Production Warehouse, LLC, Vieste Energy, LLC, Grathwol Property Holdings, LLC, 2905 Market Street, LLC (individually a "Development Company" and collectively the "Development Companies").  The term "Net Development Profits" means the profit distributions paid from the Development Companies which are attributable to and that would otherwise have been payable to the Debtor, based on her ownership interest in the Development Companies, after (1) the payment of all debt service and operating expenses of the Development Companies, including any compensation for services paid to the Debtor, which may take the form of salary, guaranteed payments and/or distributions for services rendered; and (2) the funding of reasonable development and operating reserves. The first distribution to this class shall take place within one year of the Effective Date.  The Debtor shall not be paid more than a total of $150,000.00 per year in compensation for services, which may take the form of salary, guaranteed payments and/or distributions for services rendered from the Development Companies salary from the Development Companies in the first four years following the Effective Date. The Debtor's compensation for services shall be reduced by twenty-five percent each year starting with the fifth year following the Effective Date. The Debtor shall be paid no more than the following amounts in the corresponding years, respectively: Year Five: $112,000; Year Six: $75,000; Year Seven: $37,500; Year Eight and following years: no salary.

The amount owed to allowed claims in this class shall accrue interest at the rate of 1.5 % per annum for the first two years following the Effective Date. Thereafter, this amount shall accrue interest at the rate of 3.0% per annum.

All such funds shall be distributed pro rata to creditors in this class until all allowed claims are paid in full.  John Bircher shall serve as the Disbursing Agent for this class, and shall be paid four percent of all distributions to the members of this class, from the amount distributed to the members of this class.  The Disbursing Agent shall collect and distribute all payments to the unsecured creditors.  The Debtor shall provide the Disbursing Agent with access to financial information and access to the books and records of each of the Development Companies upon reasonable request.

---

[1] Until the secured claim of Grathwol Property Holdings is paid in full, only twenty percent of the Net Development Profits from Coastal Carolina Developers, Inc. shall be paid to this class.

All payments to members of this class shall be applied to the principle amount owed to the creditor on each respective loan.

The Debtor may investigate and pursue avoidance actions pursuant to 11 U.S.C. §§ 547 and 548. Any funds collected through such actions will be distributed in accordance with the priorities established by the Bankruptcy Code and Orders of this Court.

(J.A. 171-172).

### iii.    Grathwol files the Adversary Proceedings

After confirmation of her Plan of Reorganization, Grathwol made a concerted effort to pay creditors as quickly as possible. Those efforts included her selling a certain parcel of real property as reported in the Post-Confirmation Report filed on October 31, 2013 (J.A. 181) and the filing of the three adversary proceedings, which are the subject of this appeal, on February 8, 2014 (J.A. 190-199, 860-870, and 1142-1153) (collectively the "Adversary Proceedings"). Each of the Adversary Proceedings pursues causes of action that will increase the cash or real property assets of Grathwol personally or as an owner of the Development Companies. The Adversary Proceedings are summarized in the Memorandum of Law in Opposition to Motion to Dismiss (J.A. 243). The purpose of filing the Adversary Proceedings, other than because the causes of action set forth therein are legitimate, was to further Grathwol's attempts to increase the value of the Development Companies and likelihood of increased distributions from the Development Companies, which would allow payments to Grathwol's general

7

unsecured claimants. The funds received as distributions from the Development Companies, specifically CCD, Hanover Land, LLC, and Legacy Group were believed by Grathwol to be important to the successful completion of paying general unsecured claimants the $1,007,210.27 owed to them pursuant to the confirmed Plan of Reorganization in the shortest amount of time. At the time the Adversary Proceedings were initiated, Grathwol had not made any payments to general unsecured creditors.

### iv.    Grathwol's Activities Since the Appeals were Filed

On December 16, 2013, ten (10) months after initiating the Adversary Proceedings, Grathwol made her first payment to general unsecured claimants in Class 8 of the Plan. That payment substantially consummated the Debtor's plan according to the local practice of the Eastern District of North Carolina and recognized by the District Court (J.A. 935). On November 5, 2014, Grathwol filed a Final Report, which indicated that she had substantially consummated the Plan and paid Classes 5 and 6 in full and a Chapter 11 Motion for Final Decree, which requested the Bankruptcy Court to enter a final decree in Grathwol's case despite this appeal. On December 5, 2014, the Bankruptcy Court entered a final decree in Grathwol's case.

8

**B.** **Proceedings and Dispositions of the Courts Below**

    **i.** **Bankruptcy Court Grants the Defendant-Appellee's Motions to Dismiss for Lack of Subject Matter Jurisdiction**

On February 8, 2013, the Debtor filed the Adversary Proceedings: Robin Dale Grathwol as a Shareholder of Coastal Carolina Developers, Inc. v. Coastal Carolina Developers, Inc., B. Leon Skinner; BLS Lands, LLC; Walter T. Wilson and COSWALD, LLC ("Coswald"), case number 13-00023-8-SWH (the "13-23 Action"); Robin Dale Grathwol and Ann F. Grathwol Living Trust v. Coastal Carolina Developers, Inc.; Hanover Land, LLC; W and B Investment Company, Inc.; COSWALD, LLC; B. Leon Skinner; and Walter T. Wilson, case number 13-00024-8-SWH (the "13-24 Action"); and Legacy Group of NC, Inc. v. Coastal Carolina Developers, Inc., case number 13-00025-8-SWH (the "13-25 Action")(or hereinafter referred to collectively as the "Adversary Proceedings").

On April 12, 2013, Defendants to the 13-23 Action and the 13-25 Action filed Answers including Motions to Dismiss. (J.A. 206 and 1156). On April 18, 2013, the Defendants to the 13-24 Action filed an Answer including Motion to Dismiss (J.A. 878) as well as a supplement to the same (J.A. 887). On May 3, 2013, Plaintiffs to the 13-23 Action and the 13-25 Action filed Responses and Memoranda in Support of Response to Motions to Dismiss by Defendants (J.A. 221 and 1163). On May 9, 2013, Plaintiffs to the 13-24 Action filed a Response

9

and Memorandum in Support of Response to Motion to Dismiss by Defendants (J.A. 892).  On July 5, 2013, all Plaintiffs filed their Joint Memorandum of Law in Support of Motions to Dismiss in the Adversary Proceedings (J.A. 228, 896, and 1166).  On July 22, 2013, all Defendants filed their Memoranda of Law in Support of Motions to Dismiss in the Adversary Proceedings (J.A. 242, 910, and 1180).

The Bankruptcy Court held a hearing on the Motions to Dismiss on November 19, 2013 in Raleigh, North Carolina (J.A. 563), and entered Orders Allowing Motions to Dismiss on February 18, 2014 (J.A. 259, 927, and 1197).  In the Orders Allowing Motions to Dismiss, the Bankruptcy Court analogizes the Adversary Proceedings to that filed in *Valley Historic Ltd. P'Ship v. Bank of New York*, 486 F.3d 831(4th Cir. 2007), which was brought post-confirmation and after all creditors had been paid.  Specifically, the Bankruptcy Court found that Grathwol's case was substantially consummated and the Plan of Reorganization only included a "generalized reservation of [Grathwol's] right to potentially pursue avoidance actions and makes no specific provision for using recovery from actions of any kind to pay creditors."  (J.A. 933)(internal citations omitted).

**ii.    District Court Affirms Bankruptcy Court's Dismissal for Lack of Subject Matter Jurisdiction**

On March 3, 2014, the Plaintiffs filed their Notices of Appeal from the Bankruptcy Court's Orders (J.A. 657, 939, and 1201).  The appeal from the Orders

10

were taken as a matter of right under 28 U.S.C. § 158(a)(1).  On January 12, 2015, the District Court entered an order and judgment affirming the Bankruptcy Court's dismissal for lack of subject matter jurisdiction.  The District Court concluded that the Bankruptcy Court had incorrectly determined that Grathwol's Plan of Reorganization was substantially consummated, but that substantial consummation was not dispositive of whether the Bankruptcy Court had subject matter jurisdiction and the Adversary Proceedings lacked "the requisite 'close nexus' to the Plan or bankruptcy proceeding."  (J.A. 705, 987, and 1247)  Further, the District Court found that whether the Plan of Reorganization reserved jurisdiction over the Adversary Proceedings in the Bankruptcy Court is a "non-starter."  (J.A. 703, 985, and 1245).

## SUMMARY OF THE ARGUMENT

The Bankruptcy and District Courts below erred in finding that the Bankruptcy Court did not have related to jurisdiction over the causes of action set forth in the Adversary Proceedings.  First, the Bankruptcy Court inaccurately found that Grathwol's Plan of Reorganization had been substantially consummated.  The District Court corrected that finding by applying the currently accepted precedent in the Eastern District of North Carolina that substantial consummation means

(A)    transfer of all or substantially all of the property proposed by the plan

11

to be transferred;

(B)    assumption by the debtor or by the successor to the debtor under the plan of the business or the management of all or substantially all of the property dealt with by the plan; and

(C)    commencement of distribution under the plan.

11 U.S.C. § 1101(2).  Further, local practice requires that all three (3) prongs must be satisfied before substantial consummation occurs and that "commencement of distribution" means at least one payment to each class described in the plan of reorganization.  (J.A. 704, 986, and 1246)(citing *In re Dean Hardwoods*, 431 B.R. 387, 391 (Bankr. E.D.N.C. 2010).  However, the District Court then incorrectly held that "substantial consummation of a bankruptcy plan is not dispositive to the question of 'related to' jurisdiction in the post-confirmation context."  (J.A. 705, 987, and 1247).

The District Court further erred when it held that the Adversary Proceedings lacked the requisite close nexus to Grathwol's Plan of Reorganization or bankruptcy proceedings to bring them within the Bankruptcy Court's related to jurisdiction.  At the time the Adversary Proceedings were filed, Grathwol believed that her ability to implement and substantially consummate her Plan of Reorganization, specifically pay the general unsecured claimants of Class 8 in full, was reliant on her ability to receive distributions from the Development Companies, including CCD.  As the Bankruptcy and District Courts point out, the Plan of Reorganization stated that "[Grathwol] proposes to make payments under

12

the Plan from the funds on hand and income derived from the continued operation of her business activities." (J.A. 706, 988, and 1248)  That language provides for the use of the recovery from the Adversary Proceedings to implement Grathwol's Plan of Reorganization because maximizing the distribution from the Development Companies is a part of Grathwol's business activities.  The Adversary Proceedings were another way to maximize Grathwol's distributions from the Development Companies through increasing the assets of CCD, a Development Company, and/or converting CCD's assets to cash to be distributed to its members through the dissolution process.

## ARGUMENT

## I.    STANDARD OF REVIEW

When an order of the district court affirming a bankruptcy court decision is on appeal to the circuit court, the circuit court "review[s] the decision of the district court *de novo*, effectively standing in its shoes to consider directly the findings of fact and conclusions of law by the bankruptcy court."  *In re Runski*, 102 F.3d 744, 745 (4th Cir. 1996).  The circuit court "review[s] the legal conclusions by the bankruptcy court *de novo* and may overturn its factual determinations only upon a showing of clear error."  *Id.*  The determination of whether subject matter jurisdiction exists is a question of law that is to be reviewed de novo.  *Educational*

13

*Credit Management Corp. v. Kirkland (In re Kirkland)*, 600 F.3d 310, 314 (4th Cir. 2010).

## II. THE LACK OF SUBSTANTIAL CONSUMMATION IS DISPOSITIVE ON WHETHER THE ADVERSARY PROCEEDINGS ARE WITHIN THE BANKRUPTCY COURT'S RELATED TO JURISDICTION.

After correctly determining that Grathwol's Plan had not been substantially consummated, the District Court then found that "substantial consummation is not dispositive to the question of related to jurisdiction in the post-confirmation context. (J.A. 705, 987, and 1247)  The Appellants disagree.  "Matters that affect interpretation, implementation, consummation, execution, or administration of confirmed Chapter 11 Plan will typically have requisite 'close nexus' and be matters over which bankruptcy court can exercise 'related to' jurisdiction at post-confirmation stage."  *Valley Historic*, 486 F.3d at 836.  At the time the Adversary Proceedings were filed, they were believed to directly affect both the implementation and consummation of Grathwol's Plan.   The Plan required Grathwol to make substantial payments to general unsecured creditors through distributions from the Development Companies, including CCD.  Thus, the fact that through the Adversary Proceedings Grathwol would collect damages owed to CCD for torts committed against CCD by other shareholders/directors would have increased the funds available to CCD to make distributions to Grathwol.  Grathwol

14

in turn would have distributed those funds to general unsecured creditors. The Plan did not give her discretion whether to use the funds to pay general unsecured creditors, but required her to make those funds available to general unsecured creditors.

Next, Grathwol and the Living Trust seek to dissolve CCD, and Coswald, LLC and recover against B. Leon Skinner and Walter T. Wilson for malfeasance and wasting of assets in the Dissolution Action. On its face, this adversary proceeding would appear to not bring assets into the Development Companies, but reduce the number of Development Companies; however, by dissolving CCD and Coswald, the Appellants prevent further waste of their assets. Also, during the dissolution process, all assets of CCD and Coswald, which are Development Companies, would be liquidated and distributed to the members of CCD and Coswald. Thus, Grathwol, as a member of CCD and Coswald, would be reducing her interest in those entities to cash, which would have been paid to her general unsecured creditors. Furthermore, any recovery against Skinner and/or Wilson would increase the value of Grathwol's interest in CCD and Coswald and in turn would have increased the amount of money available to Grathwol's general unsecured creditors through the liquidation of those entities. For those reasons, the Dissolution Action would assist Grathwol in implementing and consummating the Plan by increasing the likelihood she would be able to make the requisite payments

15

to general unsecured creditors.

Third and finally, the Breach of Contract Action would have aided Grathwol in implementing and consummating the Plan because she wholly owns the Legacy Group. Through the Breach of Contract Action, the Legacy Group, a Development Company, stands to collect damages for torts committed against it, loss of profits and costs. As the sole owner of the Legacy Group, Grathwol determines when distributions are made by the Legacy Group and with the recovery of the damages alleged in the Breach of Contract Action a substantial distribution could have been made to Grathwol for payment to her general unsecured creditors. Further increasing the probability Grathwol would successfully implement and consummate the Plan.

As a prerequisite to the Development Companies being able to make distributions to Grathwol, the Development Companies must make money themselves. Recovering damages and or liquidating all assets will generate funds for the named Development Companies and generate a distribution to Grathwol. This Court has held, "[t]he purpose of Chapter 11 reorganization is to assist financially distressed business enterprises by providing them with breathing space in which to return to a viable state." *In re Premier Automotive Services, Inc.*, 492 F. 3d 274, 284 (4th Cir. 2007). In this case, Grathwol reorganized her obligations through the chapter 11 process and pursued the goal of repaying her general

16

unsecured creditors in full. To do that, she proposed and the Bankruptcy Court allowed her to make payments to general unsecured creditors through distributions from the Development Companies. Taking that proposition to its natural conclusion it is logical that Grathwol would undertake any action necessary to increase the value of the Development Companies to allow her to be successful in the obligations set forth in the Plan and a necessary action would be to recover any funds owed to the Development Companies and prevent the waste and diminution in value of the assets of the Development Companies. The Adversary Proceedings are the most appropriate vehicle to achieve that goal.

The fact that Grathwol did not substantially consummate her Plan before initiating the Adversary Proceedings and sought to use the assets generated by the Adversary Proceedings to substantially consummate the Plan plainly evidences that the Adversary Proceedings are matters that would affect the implementation and consummation of Grathwol's Plan. Thus, applying the logic of this Court in *Valley Historic*, supra at 15, because the Adversary Proceedings would affect Grathwol's implementation and consummation of the Plan the requisite close nexus exists to allow the Bankruptcy Court to exercise related to jurisdiction.

### III. GRATHWOL'S PROSECUTION OF THE ADVERSARY PROCEEDINGS IS NOT AN ATTEMPT TO INCREASE RECOVERY TO GENERAL UNSECURED CLAIMANTS, BUT ENSURE FULL RECOVERY IS POSSIBLE

The Appellants' recovery of damages and assets through the Adversary Proceedings would not increase the recovery to Grathwol's general unsecured creditors, as the District Court suggests (J.A. 706, 988, and 1248), but would have ensured that the recovery provided for in the Plan could be realized. That distinction is an important one. The District Court and the three other courts cited by the District Court, the Third and Ninth Circuit Courts of Appeals and the bankruptcy court for the District of Delaware, agree that post-confirmation jurisdiction over proceedings simply because the claims have the potential to increase recovery to creditors will stretch related to jurisdiction beyond that intended by Congress. (J.A. 706, 988, and 1248). However, in the case at bar, the Appellants were not seeking to increase the payments to Class 8 claimants. Instead, Grathwol, through the Adversary Proceedings, was seeking to ensure she was able to meet her obligations.

Furthermore, the prosecution of the Adversary Proceedings is within Grathwol's business activities. "Business activities" is a term of art, which has been defined by the Bankruptcy Court as "a term which connotes the manner in which businesses conduct their regular, day-to-day activities, or affairs, such as the

18

purchase and sale of goods, or whatever other activities the business regularly engages in and for which it is organized." *In re Coats*, 435 B.R. 915, 920 (Bankr. E.D.N.C. 2010) (citing *HAJMM CO. v. House of Raeford Farms, Inc.*, 328 N.C. 578, 594, 403 S.E.2d 483 (1991)). In applying that definition to an individual, Grathwol's business activities are easily defined as anything that would generate income. While Grathwol had been involved in real estate since 1984, she has also worked as a stunt woman in major motion pictures, provided consulting services in a variety of fields, and engaged in serial entrepreneurship. To exclude the prosecution of claims held by Grathwol or the Development Companies overlooks the fact that Grathwol willingly and adamantly sought to prosecute the claims in the Adversary Proceedings, as well as no less than four other suits during her bankruptcy proceedings and that protecting her rights and those of the Development Companies through litigation, while not enjoyable, was necessary as a savvy business person and entrepreneur. Grathwol did not shy away from that responsibility.

Prior to the Petition Date, Grathwol pursued both the Shareholder Action and the Breach of Contract Action; however, agreed to voluntarily dismiss the suits when Appellee Wilson advised that he would provide certain information required to prosecute the actions and failed to do so. The specific allegations of Wilson's inactions are set forth in the Shareholder Action and Breach of Contract Action

Complaints (J.A. 190, 860, and 1142). Thus, the Appellees knew or should have known that the Appellants would pursue the actions against them. More importantly, the fact that Grathwol, in her capacity as a member of the CCD and Legacy Group had pursued the actions against the Appellants prior to the Petition Date and had been involved in a variety of other legal actions in her capacity as a member/shareholder of the Development Companies, the initiation of and defending against litigation in that capacity is within her business activities. Unlike some companies and corporations, which may have only one purpose, Grathwol's business activities were varied and included any venture that would increase her income or value of her assets. The Adversary Proceedings, as explained above, will increase the value of the Development Companies and the prosecution of the Adversary Proceedings was undoubtedly within Grathwol's business activities as the term was intended in the Plan.

## CONCLUSION

For the reasons set forth above, the Appellants respectfully submit that the Bankruptcy Court's Order Allowing Motion to Dismiss (J.A. 259, 927, and 1197) and the District Court's Order Affirming that Order (J.A. 697, 979, and 1239) should be reversed and the Adversary Proceedings should be remanded to the Bankruptcy Court for a decision on the merits of each of the three Adversary Proceedings.

This the 30th day of July, 2015.

<u>s/George Mason Oliver</u>
GEORGE MASON OLIVER
N.C. State Bar No. 26587
E-mail:  george@olivercheek.com
CIARA L. ROGERS – On Brief
N.C. State Bar No. 42571
E-mail:  ciara@olivercheek.com
The Law Offices of Oliver & Cheek, PLLC
Post Office Box 1548
New Bern, NC 28563
Telephone: (252) 633-1930
Facsimile: (252) 633-1950

## STATEMENT REGARDING ORAL ARGUMENT

The Appellants do not request that the Court hear oral argument in this case.

# CERTIFICATE OF COMPLIANCE

1.  This brief complies with the type-volume limitation of Fed. R. App. Pro. 32 (a) (7) (b) because this brief contains 4,646 words, excluding the parts of the brief exempted by Fed. R. App. P. 32 (a) (7) (B) (iii).

2.  This brief complies with the typeface requirement of Fed. R. App. P. 32 (a) (5) and the type style requirements of Fed. R. App. P. 32 (a) (6) because this brief has been prepared in a proportionally spaced typeface Microsoft Word, in fourteen-point font size using Times New Roman type style.

3.  I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the brief and/or a copy of the word or line print out.

s/George Mason Oliver
GEORGE MASON OLIVER
N.C. State Bar No. 26587
E-mail:  george@olivercheek.com
CIARA L. ROGERS
N.C. State Bar No. 42571
E-mail:  ciara@olivercheek.com
The Law Offices of Oliver & Cheek, PLLC
Post Office Box 1548
New Bern, NC 28563
Telephone: (252) 633-1930
Facsimile: (252) 633-1950

22

## <u>CERTIFICATE OF SERVICE</u>

I, George Mason Oliver, Post Office Box 1548, New Bern, North Carolina 28563, certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day, I served copies of the foregoing Appellant Brief on the party listed below via CM/ECF.

I certify under penalty of perjury that the foregoing is true and correct.

This the 30th day of July, 2015.

<u>s/George Mason Oliver</u>
GEORGE MASON OLIVER
N.C. State Bar No. 26587
E-mail:  george@olivercheek.com
CIARA L. ROGERS – On Brief
N.C. State Bar No. 42571
E-mail:  ciara@olivercheek.com
The Law Offices of Oliver & Cheek, PLLC
Post Office Box 1548
New Bern, NC 28563
Telephone: (252) 633-1930
Facsimile: (252) 633-1950

To:

David J. Haidt, Esq.                    (via CM/ECF)
*Attorney for Appellees*

23