**RECORD NO. 15-1233(L)**
**CONSOLIDATED W/ 15-1236 & 15-1237**

IN THE

# United States Court of Appeals

FOR THE FOURTH CIRCUIT

Record No. 15-1233(L)

In re: ROBIN DALE GRATHWOL, a/k/a Robin Grathwol Tinney,
a/k/a Robin Grathwol Randall,

*Debtor,*

--------------------------------------------------------------------------------

ROBIN DALE GRATHWOL,

*Plaintiff-Appellant,*

v.

COASTAL CAROLINA DEVELOPERS, INCORPORATED, B. LEON
SKINNER; BLS LANDS, LLC; WALTER T. WILSON; COSWALD, LLC,

*Defendants-Appellees.*

Record No. 15-1236

ANN. F. GRATHWOL LIVING TRUST; ROBIN DALE GRATHWOL,

*Plaintiffs-Appellants,*

v.

COASTAL CAROLINA DEVELOPERS, INCORPORATED; COSWALD, LLC;
B. LEON SKINNER; WALTER T. WILSON; HANOVER LAND, LLC;
W AND B INVESTMENT COMPANY, INCORPORATED,

*Defendants-Appellees,*

Record No. 15-1237

LEGACY GROUP OF NC, INC.,

*Plaintiff-Appellant,*

v.

COASTAL CAROLINA DEVELOPERS, INCORPORATED,

*Defendant-Appellee,*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

**CORRECTED BRIEF OF APPELLEES**

**David James Haidt**
**AYERS & HAIDT, P.A.**
**307 Metcalf Street**
**P.O. Box 1544**
**New Bern, North Carolina 28563**
**(252) 638-2955**
**davidhaidt@embarqmail.com**

*Counsel for Appellees*

## UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case.  In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form.  Counsel has a continuing duty to update this information.

No. <u>15-1233</u>      Caption: <u>Grathwol, et al v. Coastal Carolina Developers, Inc., et al</u>

Pursuant to FRAP 26.1 and Local Rule 26.1,

<u>Coastal Carolina Developers, Inc.</u>
(name of party/amicus)

_____

 who is <u>Appellee</u>, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.     Is party/amicus a publicly held corporation or other publicly held entity?   ☐YES ☑NO

2.     Does party/amicus have any parent corporations?                    ☐YES ☑NO
       If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3.     Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                    ☐YES ☑NO
       If yes, identify all such owners:

4.     Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?    ☐YES ☑NO
If yes, identify entity and nature of interest:

5.     Is party a trade association? (amici curiae do not complete this question)    ☐YES ☑NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.     Does this case arise out of a bankruptcy proceeding?    ☑YES ☐NO
If yes, identify any trustee and the members of any creditors' committee:

  In re: Robin Dale Grathwol, case no. 12-00294-8-SWH, EDNC
  * Creditors Committee - N/A
  * Trustee - N/A

Signature:  /s/ David J. Haidt                        Date:     March 26, 2015

Counsel for:  Coastal Carolina Developers, Inc.

## CERTIFICATE OF SERVICE
**************************

I certify that on     March 26, 2015     the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

F. Darryl Mills, Esq.
Jackson, Mills & Carter, PA
5710 Oleander Drive, Suite 112
Wilmington, NC  28403
Counsel for Defendants-Appellees Coastal Carolina
Developers, Inc., B. Leon Skinner, BLS Lands, LLC,
Walter T. Wilson and Coswald, LLC

George Mason Oliver
The Law Offices of Oliver & Cheek
PO Box 1548
New Bern, NC  28563
Counsel for Plaintiffs - Appellants

/s/ David J. Haidt                                      March 26, 2015
     (signature)                                          (date)

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case.  In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form.  Counsel has a continuing duty to update this information.

No. _15-1233_        Caption: _Grathwol, et al v. Coastal Carolina Developers, Inc., et al_

Pursuant to FRAP 26.1 and Local Rule 26.1,

_B. Leon Skinner_
(name of party/amicus)

_____

who is _____Appellee_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.    Is party/amicus a publicly held corporation or other publicly held entity?  ☐YES ☑NO

2.    Does party/amicus have any parent corporations?                ☐YES ☑NO
      If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                        ☐YES ☑NO
      If yes, identify all such owners:

4.    Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?    ☐YES ☑NO
If yes, identify entity and nature of interest:

5.    Is party a trade association? (amici curiae do not complete this question)    ☐YES ☑NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.    Does this case arise out of a bankruptcy proceeding?    ☑YES ☐NO
If yes, identify any trustee and the members of any creditors' committee:
   In re: Robin Dale Grathwol, case no. 12-00294-8-SWH, EDNC
   * Creditors Committee - N/A
   * Trustee - N/A

Signature:  /s/ David J. Haidt _____    Date:  _____March 26, 2015_____

Counsel for:  B. Leon Skinner _____

# CERTIFICATE OF SERVICE
**************************

I certify that on  ___March 26, 2015___  the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

F. Darryl Mills, Esq.
Jackson, Mills & Carter, PA
5710 Oleander Drive, Suite 112
Wilmington, NC  28403
Counsel for Defendants-Appellees Coastal Carolina
Developers, Inc., B. Leon Skinner, BLS Lands, LLC,
Walter T. Wilson and Coswald, LLC

George Mason Oliver
The Law Offices of Oliver & Cheek
PO Box 1548
New Bern, NC  28563
Counsel for Plaintiffs - Appellants

/s/ David J. Haidt _____            _____March 26, 2015_____
        (signature)                                            (date)

- 2 -

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case.  In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form.  Counsel has a continuing duty to update this information.

No. __15-1233__     Caption: __Grathwol, et al v. Coastal Carolina Developers, Inc., et al__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__BLS Lands, LLC__
(name of party/amicus)

_____

 who is _____Appellee_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)


1.      Is party/amicus a publicly held corporation or other publicly held entity?   ☐YES ☑NO


2.      Does party/amicus have any parent corporations?                    ☐YES ☑NO
        If yes, identify all parent corporations, including grandparent and great-grandparent
        corporations:



3.      Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or
        other publicly held entity?                                       ☐YES ☑NO
        If yes, identify all such owners:

4.    Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?    ☐YES ☑NO
If yes, identify entity and nature of interest:

5.    Is party a trade association? (amici curiae do not complete this question)    ☐YES ☑NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.    Does this case arise out of a bankruptcy proceeding?    ☑YES ☐NO
If yes, identify any trustee and the members of any creditors' committee:

In re: Robin Dale Grathwol, case no. 12-00294-8-SWH, EDNC
* Creditors Committee - N/A
* Trustee - N/A

Signature:  /s/ David J. Haidt                    Date:    March 26, 2015

Counsel for:  BLS Lands, LLC

## CERTIFICATE OF SERVICE
**************************

I certify that on    March 26, 2015    the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

F. Darryl Mills, Esq.                         George Mason Oliver
Jackson, Mills & Carter, PA                   The Law Offices of Oliver & Cheek
5710 Oleander Drive, Suite 112                PO Box 1548
Wilmington, NC  28403                         New Bern, NC  28563
Counsel for Defendants-Appellees Coastal Carolina    Counsel for Plaintiffs - Appellants
Developers, Inc., B. Leon Skinner, BLS Lands, LLC,
Walter T. Wilson and Coswald, LLC

/s/ David J. Haidt                                    March 26, 2015
(signature)                                           (date)

- 2 -

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. ___15-1233___    Caption: ___Grathwol, et al v. Coastal Carolina Developers, Inc., et al___

Pursuant to FRAP 26.1 and Local Rule 26.1,

___Walter T. Wilson_____
(name of party/amicus)

_____

who is _____Appellee_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.    Is party/amicus a publicly held corporation or other publicly held entity?  ☐YES ☑NO

2.    Does party/amicus have any parent corporations?                              ☐YES ☑NO
      If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                                                                            ☐YES ☑NO
      If yes, identify all such owners:

4.     Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?    ☐YES ☑NO
If yes, identify entity and nature of interest:

5.     Is party a trade association? (amici curiae do not complete this question)    ☐YES ☑NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.     Does this case arise out of a bankruptcy proceeding?    ☑YES ☐NO
If yes, identify any trustee and the members of any creditors' committee:
In re: Robin Dale Grathwol, case no. 12-00294-8-SWH, EDNC
* Creditors Committee - N/A
* Trustee - N/A

Signature:  /s/ David J. Haidt                    Date:    March 26, 2015

Counsel for:  Walter T. Wilson

# CERTIFICATE OF SERVICE
**************************

I certify that on    March 26, 2015    the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

F. Darryl Mills, Esq.
Jackson, Mills & Carter, PA
5710 Oleander Drive, Suite 112
Wilmington, NC  28403
Counsel for Defendants-Appellees Coastal Carolina
Developers, Inc., B. Leon Skinner, BLS Lands, LLC,
Walter T. Wilson and Coswald, LLC

George Mason Oliver
The Law Offices of Oliver & Cheek
PO Box 1548
New Bern, NC  28563
Counsel for Plaintiffs - Appellants

/s/ David J. Haidt                              March 26, 2015
_____                    _____
(signature)                                              (date)

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case.  In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form.  Counsel has a continuing duty to update this information.

No. __15-1233__     Caption: __Grathwol, et al v. Coastal Carolina Developers, Inc., et al__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__Coswald, LLC__
(name of party/amicus)

_____

 who is _____Appellee_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.      Is party/amicus a publicly held corporation or other publicly held entity?   ☐YES ☑NO

2.      Does party/amicus have any parent corporations?                              ☐YES ☑NO
        If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3.      Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                                                       ☐YES ☑NO
        If yes, identify all such owners:

4.    Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?    ☐YES ☑NO
If yes, identify entity and nature of interest:

5.    Is party a trade association? (amici curiae do not complete this question)    ☐YES ☑NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.    Does this case arise out of a bankruptcy proceeding?    ☑YES ☐NO
If yes, identify any trustee and the members of any creditors' committee:
In re: Robin Dale Grathwol, case no. 12-00294-8-SWH, EDNC
* Creditors Committee - N/A
* Trustee - N/A

Signature:  /s/ David J. Haidt _____    Date: _____ March 26, 2015 _____

Counsel for: Coswald, LLC _____

## CERTIFICATE OF SERVICE
**************************

I certify that on _____ March 26, 2015 _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

F. Darryl Mills, Esq.
Jackson, Mills & Carter, PA
5710 Oleander Drive, Suite 112
Wilmington, NC  28403
Counsel for Defendants-Appellees Coastal Carolina
Developers, Inc., B. Leon Skinner, BLS Lands, LLC,
Walter T. Wilson and Coswald, LLC

George Mason Oliver
The Law Offices of Oliver & Cheek
PO Box 1548
New Bern, NC  28563
Counsel for Plaintiffs - Appellants

/s/ David J. Haidt _____          _____ March 26, 2015 _____
(signature)                                                    (date)

- 2 -

# **TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................i

TABLE OF AUTHORITIES ........................................................ ii

JURISDICTIONAL STATEMENT .............................................1

STATEMENT OF ISSUES PRESENTED FOR REVIEW ....................................1

STATEMENT OF THE CASE AND STATEMENT OF RELEVANT FACTS .....2

SUMMARY OF ARGUMENT ...................................................8

ARGUMENT:

      I.    THE DISTRICT COURT CORRECTLY RULED THE
            BANKRUPTCY COURT LACKED SUBJECT MATTER
            JURISDICTION OVER THE ACTIONS..........................................12

CONCLUSION ......................................................................18

STATEMENT REGARDING ORAL ARGUMENT ...........................................18

CERTIFICATE OF COMPLIANCE......................................................19

CERIFICATE OF SERVICE.................................................................20

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Bergstrom v. Dalkon Shield (In re A.H. Robins Co.)*,
86 F.3d 364, 372 (4th Cir. 1996) ...................................................................9

*Binder v. Price Waterhouse & Co. (In re Resorts Int'l, Inc.)*,
372 F.3d 154, 166-67 (3rd Cir. 2004) .........................................................9

*In re Celotex Corp.*, 124 F.3d 619, 626 (4th Cir. 1997) ...........................................17

*In re Resorts, Int'l, supra*, 372 F.3d at 170.............................................................17

*Montana v. Goldin (In re Pegasus Gold Corp.)*,
394 F.3d 1189, 1194 n.1 (9th Cir. 2005) ............................................. 16-17

*Owens-Ill., Inc. v. Rapid Am. Corp. (In re Celotex Corp.)*,
124 F.3d 619, 625 (4th Cir. 1997) ...........................................................9

*Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)...................................9, 17

*Valley Historic Ltd Partnership v. Bank of New York*,
486 F.3d 831 (4th Cir. 2007)...............................................................*passim*

*Valley Historic Ltd Partnership v. Bank of New York*,
486 F.3d 836-837(4th Cir. 2007) ...........................................9, 11, 13, 14

*Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987) ...................................8

**Statutes and Rules**

11 U.S.C. § 541(a) .............................................................................16

11 U.S.C. § 547.....................................................................................5

11 U.S.C. § 548.....................................................................................5

11 U.S.C. § 1129 ................................................................................6

28 U.S.C. § 157(a) .............................................................................8

28 U.S.C. § 157(b)(1) .........................................................................8

28 U.S.C. § 157(d) .............................................................................8

28 U.S.C. § 158(a) .............................................................................1

28 U.S.C. § 158(b) .............................................................................1

28 U.S.C. § 158(d)(1) .........................................................................1

28 U.S.C. § 1334(a) ...........................................................................8

28 U.S.C. § 1334(b) ...........................................................................8

Fed. R. Civ. P. 12(b)(1) ....................................................................12

Bankruptcy Code § 547 .....................................................................15

Bankruptcy Code § 548 .....................................................................15

## JURISDICTIONAL STATEMENT

This appeal is taken from the final order and judgment of the District Court for the Eastern District of North Carolina (the "District Court") affirming the final order of the Bankruptcy Court for the Eastern District of North Carolina dismissing three adversary proceedings (the "Actions") filed by Appellants Robin Dale Grathwol, the Ann F. Grathwol Living Trust, and Legacy Group of NC, Inc., for lack of subject matter jurisdiction. This Court has appellate jurisdiction over the District Court pursuant to 28 U.S.C. § 158(d)(1), which provides: "The court of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders and decrees entered under subsections (a) and (b) of this section."

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1.     Whether the Bankruptcy Court and District Court correctly held that the Bankruptcy Court lacked subject matter jurisdiction over the subject Actions due to their lack of a close nexus to the Confirmed Plan of Reorganization of Debtor-Appellant Robin Dale Grathwol.

2.     Whether the District Court correctly held that the "substantial consummation" of a confirmed plan of reorganization is not dispositive in determining whether a bankruptcy court possesses subject matter jurisdiction over an adversary proceeding commenced by a debtor after confirmation of a plan of reorganization.

## STATEMENT OF THE CASE

Appellant Robin Dale Grathwol (hereafter the "Debtor") filed her voluntary petition under Chapter 11 of the Bankruptcy Code on January 13, 2012. (J.A. 42-44). The Debtor's Schedules and Statement of Financial Affairs were filed on February 13, 2012. (J.A. 55-108). On Schedule B of her Schedules, the Debtor identifies herself as the owner of a 33.33% interest in Appellee Coastal Carolina Developers, Inc. (J.A. 59). Schedule B also requires the Debtor to disclose and describe "Other contingent and unliquidated claims of every nature, including . . . counterclaims of the debtor." (J.A. 61). For this inquiry, the Debtor lists "Crested Butte Catalysts, LLC, Peter G. Esposito and Kathleen Esposito lawsuit" as the only contingent and unliquidated claim against another party she possessed at the time her bankruptcy was filed. *Id.* At no time did the Debtor amend her Schedules to disclose the existence of any other pre-petition claims she asserted on her behalf or on behalf of non-debtor entities in which she claimed an interest.

The Debtor filed her Plan of Reorganization ("Plan") and Disclosure Statement on May 11, 2012. (J.A. 122, 140). Exhibit C to the Debtor's Disclosure Statement identifies the "Crested Butte Catalysts, LLC, Peter G. Esposito and Kathleen Esposito lawsuit" as the only litigation claim held by the Debtor at the time the Debtor's Plan was circulated to the Debtor's creditors for balloting. (J.A. 159). The Plan was confirmed by order dated November 26, 2012 (J.A. 163),

2

approximately eleven months after the commencement of the bankruptcy case, and the Confirmed Plan of Reorganization (J.A. 165-179, and hereafter identified as the "Confirmed Plan") was affixed as an exhibit to that order.

Among other things, the Confirmed Plan contains the following provisions relating to the Debtor's repayment of her creditors:

      i.     The "Summary of Plan" provides that "In accordance with the Plan, the Debtor intends to pay her unsecured creditors from distributions from her investment entities."

      ii.     Section III(H) of the Confirmed Plan, relating to the treatment of the holders of General Unsecured Claims, provides:

> Treatment. The approximate total of general unsecured claims and known deficiency claims based on claims filed or scheduled as of the date of the filing of this Plan is $1,007,210.27. The Debtor shall pay all allowed claims in this class in full, as follows:

> The Debtor shall pay the greater of:

> a.    Annual payments as follows:

>     i.    Year One: $25,000.00
>     ii.   Year Two: $25,000.00
>     iii.  Years Three through Ten: Annual payments based on an eight year amortization of the balance owed to this class, including accrued interest of 1.5% per annum for Year One and Year Two, and 3.0% interest per annum for Years Three through Ten. For feasibility purposes, the Debtor estimates that the annual payments for Years Three through Ten will be $140,665.22.

>         OR

3

b.    For a period of ten (10) years following the Effective Date (the "Distribution Period"), the Debtor shall pay to general unsecured creditors an amount equal to seventy percent (70 %) of the "Net Development Profits" received by the Debtor from each of the following companies: The Legacy Group of NC, Inc., Coastal Carolina Developers, Inc.1, GRRG Productions, Inc., Hanover Land, LLC, Brookside Gardens, LLC, Brookdale Farms, LLC, R3 Environmental, LLC, MSW Tech, LLC, Transcendence Energy, LLC, Production Warehouse, LLC, Vieste Energy, LLC, Grathwol Property Holdings, LLC, 2905 Market Street, LLC (individually a "Development Company" and collectively the "Development Companies"). The term "Net Development Profits" means the profit distributions paid from the Development Companies which are attributable to and that would otherwise have been payable to the Debtor, based on her ownership interest in the Development Companies, after (1) the payment of all debt service and operating expenses of the Development Companies, including any compensation for services paid to the Debtor, which may take the form of salary, guaranteed payments and/or distributions for services rendered; and (2) the funding of reasonable development and operating reserves. The first distribution to this class shall take place within one year of the Effective Date. The Debtor shall not be paid more than a total of $150,000.00 per year in compensation for services, which may take the form of salary, guaranteed payments and/or distributions for services rendered from the Development Companies salary from the Development Companies in the first four years following the Effective Date. The Debtor's compensation for services shall be reduced by twenty-five percent each year starting with the fifth year following the Effective Date. The Debtor shall be paid no more than the following amounts in the corresponding years, respectively: Year Five: $112,000; Year Six: $75,000; Year Seven: $37,500; Year Eight and following years: no salary.

The amount owed to allowed claims in this class shall accrue interest at the rate of 1.5 % per annum for the first two years following the Effective Date. Thereafter, this amount shall accrue interest at the rate of 3.0% per annum.

4

All such funds shall be distributed pro rata to creditors in this class until all allowed claims are paid in full. John Bircher shall serve as the Disbursing Agent for this class, and shall be paid four percent of all distributions to the members of this class, from the amount distributed to the members of this class. The Disbursing Agent shall collect and distribute all payments to the unsecured creditors. The Debtor shall provide the Disbursing Agent with access to financial information and access to the books and records of each of the Development Companies upon reasonable request.

All payments to members of this class shall be applied to the principal amount owed to the creditor on each respective loan.

The Debtor may investigate and pursue avoidance actions pursuant to 11 U.S.C. §§ 547 and 548. Any funds collected through such actions will be distributed in accordance with the priorities established by the Bankruptcy Code and Orders of this Court.

    iii.    Section V(A) of the Confirmed Plan, reflecting a portion of the

Confirmed Plan's Means of Implementation and Execution of Plan,

provides:

The Debtor proposes to make payments under the Plan from funds on hand and income derived from the continued operation of her business activities.

    iv.    Section V(F) of the Confirmed Plan, also reflecting a portion of

the Confirmed Plan's Means of Implementation and Execution of Plan,

provides:

Preservation of Avoided Transactions for the Benefit of the Estate. All transactions avoided or otherwise set aside pursuant to §§ 544, 547, 548, and/or 549, if any, shall be preserved for the benefit of the Estate pursuant to § 551 and applicable case

law. Funds received from such transactions shall be distributed to creditors according to the priorities of the Debtor and has since been avoided, the lien shall remain on the public record and shall remain an encumbrance upon the real property. However, all distributions made towards such deed of trust shall be distributed not the named beneficiary of such deed of trust, but shall instead be paid to the Disbursing Agent for distribution to creditors.

v.     Second XIII of the Confirmed Plan, titled "Retention of Jurisdiction," provides, in part, that the Court retains post-confirmation jurisdiction "to determine all applications, adversary proceedings and litigated matters pending on the Confirmation Date."

vi.    The term "Confirmation Date" is defined in the Confirmed Plan as "the date of entry by the Court of an order confirming the Plan at or after a hearing pursuant to 11 U.S.C. § 1129."

The Confirmed Plan makes no reference to any litigation predicated on pre-petition business activities of the Debtor or non-Debtor parties, or otherwise based on state law causes of action.

On February 8, 2013, three adversary proceedings (collectively, the "Actions") were filed in the Bankruptcy Court by the Debtor and the two other Appellants (the Ann F. Grathwol Living Trust and Legacy Group of NC, Inc.). (J.A. 190-199; 860-870 and 1142-1153).  The Actions are identified as follows:

i.     *Robin Dale Grathwol, shareholder of Coastal Carolina Developers, Inc. v. Coastal Carolina Developers, Inc.; B. Leon Skinner; BLS*

*Lands, LLC; Walter T. Wilson and Coswald, LLC*, Adversary Proceeding No. 13-00023-8-SWH, is a shareholder derivative action brought by Debtor, as one-third owner of Coastal Carolina Developers, Inc. ("CCD"), to collect damages for the benefit of CCD based on alleged malfeasance and breach of fiduciary duty by the two remaining shareholders/directors (the "Derivative Action");

      ii.    *Robin Dale Grathwol and Ann F. Grathwol Living Trust v. Coastal Carolina Developers, Inc.; Hanover Land, LLC; W and B Investment Company, Inc.; Coswald, LLC; B. Leon Skinner and Walter T. Wilson*, Adversary Proceeding No. 13-00024-8-SWH is an action for judicial dissolution of defendant entities due to alleged malfeasance and wasting of assets by other shareholders, brought by the Debtor individually and in her capacity as trustee and beneficiary of the plaintiff trust (the "Dissolution Action"); and

      iii.    *Legacy Group of NC, Inc. v. Coastal Carolina Developers, Inc*., Adversary Proceeding No. 13-00025-8-SWH is an action by a non-Debtor company, Legacy Group of NC, Inc., to recover for an alleged breach of contract to provide certain development entitlements (the "Legacy Action").

The Appellees-Defendants answered the complaints, denying all substantive factual allegations and asserting the Appellants were not entitled to the relief

sought.  All of the claims asserted in the Actions are based on factual allegations that predate the filing of the Debtor's bankruptcy petition by several years, and all of the claims asserted in the Actions are derived from state law causes of action. The Actions assert no claims arising from federal law, including, specifically, the Bankruptcy Code.

None of the claims pursued in the Actions are disclosed in the Debtor's bankruptcy Schedules, Plan, Confirmed Plan or Disclosure Statement as contingent or unliquidated assets of the Debtor's bankruptcy estate.

## SUMMARY OF ARGUMENT

Generally, federal district courts have original and exclusive jurisdiction of all cases under title 11 of the U.S. Code.  28 U.S.C. § 1334(a).  The district courts have original but not exclusive jurisdiction of all civil proceedings *arising under* title 11, or *arising in* or *related to* cases under title 11.  28 U.S.C. § 1334(b). Further, the district courts have authority to refer these three types of civil proceedings to bankruptcy courts.  28 U.S.C. § 157(a), (b)(1).  The district court may withdraw any proceeding referred to the bankruptcy court if it is determined that the bankruptcy court lacks subject matter jurisdiction.  28 U.S.C. § 157(d).

A case *arises under* title 11 if it invokes a substantive right created by federal bankruptcy law.  *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987).  A case *arises in* a case under title 11 if it is not based on any right

expressly created by the bankruptcy code yet would have no existence *but for* the bankruptcy case. *Bergstrom v. Dalkon Shield (In re A.H. Robins Co.)*, 86 F.3d 364, 372 (4th Cir. 1996). The Appellants appear to concede that the Actions do not "arise under" or "arise in" the Debtor's Chapter 11 proceeding. Instead, Appellants rely on the proposition that an adversary proceeding can be *related to* a case under title 11 if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Owens-Ill., Inc. v. Rapid Am. Corp. (In re Celotex Corp.)*, 124 F.3d 619, 625 (4th Cir. 1997) (*citing Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)). The *Pacor* test, followed by the Fourth Circuit, was determined in a pre-confirmation context. Since that case was decided, courts have examined "related to" jurisdiction over post-confirmation proceedings and the Fourth Circuit has also specifically adopted the Third Circuit's test for post-confirmation "related to" jurisdiction. For the bankruptcy court to retain "related to" jurisdiction over a post-confirmation proceeding, the proceeding must have a "close nexus to the bankruptcy plan." *Valley Historic Ltd Partnership v. Bank of New York*, 486 F.3d 831 (4th Cir. 2007) (*citing Binder v. Price Waterhouse & Co. (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 166-67 (3rd Cir. 2004)). A "close nexus" exists in matters affecting "the interpretation, implementation, consummation, execution, or administration of the confirmed plan," *id.* at 836-837, thus preserving the intent for bankruptcy courts to only have limited jurisdiction.

9

The core of the Appellants' argument is that the Actions, which include claims (i) that are asserted by non-Debtor parties; (ii) are not property of the Debtor's bankruptcy estate; and (iii) were not otherwise disclosed, described or valued by the Debtor in the Confirmed Plan or at any point prior to their filing, are nonetheless "related to" the Debtor's reorganization efforts because the Debtor's Confirmed Plan had not been substantially consummated when the Actions were filed and – if successful – the Actions could conceivably accelerate repayment of her creditors.   As a result, the Debtor and other Appellants contend that the bankruptcy court possesses "related to" subject matter jurisdiction over the Actions.

The Appellees counter that the jurisdictional test proposed by the Appellants is essentially one without limits, and they can find no support in *Valley Historic* for the Appellants' expansive interpretation of "related to" subject matter jurisdiction. In *Valley Historic*, the Fourth Circuit held that the bankruptcy court did not have jurisdiction over an adversary proceeding involving the debtor's claims against a third party for breach of contract and tortious interference because the debtor's claims lacked the requisite "close nexus" to the bankruptcy.  As shown below, in this case the connection between the Actions and the Debtor's reorganization is even more tenuous than demonstrated in *Valley Historic*.  Even assuming the Actions had been disclosed in the Confirmed Plan as a tangible source of recovery

for the Debtor's creditors, none of them would necessarily convey any monetary benefit to the Debtor even if successful. The Derivative Action explicitly seeks a monetary recovery that, if awarded, would accrue to the direct benefit of Defendant-Appellee CCD. The Dissolution Action, pursued in part by a non-Debtor party, seeks the dissolution of three companies and the partition of their assets to the owners, including the non-Debtor trust. Finally, the Legacy Action is pursued by a party that has no connection whatsoever to the Debtor's bankruptcy estate or Confirmed Plan, other than the Debtor's ownership of the Plaintiff-Appellant.

*Valley Historic* stands for the proposition that a close nexus arises when the subject proceeding concerns matters affecting "the interpretation, implementation, consummation, execution or administration of the confirmed plan." *Valley Historic*, 486 F.3d at 836-37. The opinion does not hold that any adversary proceeding filed prior to substantial consummation of a confirmed plan automatically satisfies this test. Here, the Actions are not even part of the Confirmed Plan, which makes no mention of them, and thus they cannot have any bearing on the execution or administration of that Plan. Moreover, the Debtor readily acknowledges that she was able to substantially consummate the Confirmed Plan notwithstanding the inability to pursue the Actions in bankruptcy court, and her final decree was entered on December 5, 2014 while these matters

11

were pending before the District Court.  Therefore, the Actions could not be said to have any effect on the "interpretation, implementation or consummation" of the Confirmed Plan.  Both the Bankruptcy Court and District Court correctly ruled that dismissal of the Actions was proper.

## ARGUMENT

## I.  THE DISTRICT COURT CORRECTELY RULED THE BANKRUPTCY COURT LACKED SUBJECT MATTER JURISDICTION OVER THE ACTIONS

Based on established precedent, the Actions were correctly dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, and as recognized by the Bankruptcy Court and District Court, this result was mandated by this Court's *Valley Historic* decision for several reasons.  First, the Actions are largely asserted by non-Debtor parties, based solely on state law and rooted in conduct alleged to have occurred years before the filing of the Chapter 11 petition.  Second, the Confirmed Plan, by its express terms, does not depend on recovery from the Actions to satisfy the Debtor's obligations to her creditors and whether or not the Confirmed Plan was substantially consummated in this case is immaterial.

Generally, in addressing "related to" jurisdiction *Valley Historic* recognized that if a debtor's plan did not depend on any recovery from the subject adversary proceeding for the execution of the plan's terms the action could not be seen to

have a "close nexus" to that plan.  *Valley Historic*, 486 F.3d at 836.   More specifically, the *Valley Historic* decision based its conclusion that the bankruptcy court lacked subject matter jurisdiction on the following factors present in that case:

> We find no conceivable bankruptcy administration purpose to be served by the Debtor's adversary proceeding because the Plan made no provision for the use of any recovery from the adversary proceeding but instead provided for the satisfaction of the Debtor's obligations "entirely from the post-petition rents and earnings of the Debtor through the operation of its real estate."  Here, the Debtor had paid all its creditors, including the Bank before instituting the adversary proceeding, and the Plan was substantially consummated.

*Id.* at 837.  Analyzing this part of the opinion, it appears obvious that if all of the debtor's creditors had been paid, and the plan substantially consummated, it was reasonable of this Court to question how the debtor's claim could possess a close nexus to the plan.  Conversely, even if the debtor's case had not been substantially consummated, it appears equally certain that this Court would still require the debtor to demonstrate the close nexus between the claim and confirmed plan.  In other words, if the action did not affect the administration, execution, or implementation of the plan, it would not matter if that plan had been substantially consummated.

In Part II of their Argument, the Appellants appear to misunderstand the relationship between the separate concepts of "substantial consummation" and "close nexus."  They first claim that substantial consummation is "dispositive," but

offer no explanation as to how *Valley Historic* can be interpreted in this manner and cite no other opinions supporting this contention. Instead, the Appellants devote essentially all of Part II of their Argument to a self-serving analysis of how the Actions can hypothetically benefit the Debtor's bankruptcy estate (*i.e.*, they try to establish a "close nexus" between the Actions and the Confirmed Plan).

The Appellants' Brief, unintentionally, confirms the Appellees' central point: that irrespective of substantial consummation, bankruptcy court jurisdiction over a post-confirmation claim requires a close nexus between the action and the confirmed plan. "Close nexus" and "substantial consummation" are not synonymous, and with or without "substantial consummation" a debtor will still be compelled to show that a post-confirmation claim possesses a close nexus to the plan. *Valley Historic* simply holds that whether the plan is substantially consummated is *one* factor that a bankruptcy court should use to determine if the close nexus exists. *Valley Historic*, at 837. In fact, Appellees would suggest that a debtor's full repayment of creditors at the time the action was filed would have significantly more influence on the "close nexus" analysis than substantial consummation, standing alone. See *Id.*

In this case, even if "substantial consummation" had not taken place, it is difficult to differentiate the circumstances of the Appellants' claims from the dispositive findings in *Valley Historic*. In the Actions (i) the claims asserted by the

Debtor had vested in the Debtor by the time the Actions were filed (the claims asserted by non-Debtor parties were, of course, never property of the bankruptcy estate); (ii) the Debtor's Confirmed Plan specifically provided that "[t]he Debtor proposes to make payments under the Plan from funds on hand and income derived from the continued operation of her business activities," rather than the collection of pre-petition state law claims; (iii) the Debtor agreed to pay unsecured creditors *in full* from distributions and dividends originating from her business interests, and (iv) in her Confirmed Plan the Appellant made only a passing reference to "avoidance actions" under Sections 547 and 548 of the Bankruptcy Code and *no* mention of – or reliance on – any state law actions or pre-bankruptcy claims.

The *Valley Historic* debtor at least identified the subject action in its plan, and explicitly attempted to reserve post-confirmation jurisdiction over that claim in the bankruptcy court. In this case, the Debtor did not at any point prior to the Actions being filed either disclose, identify or value the Actions, whether in her Schedules, Plan of Reorganization or Disclosure Statement. Moreover, neither the Ann F. Grathwol Living Trust nor Legacy Group of NC, Inc. are parties or signatories to the Confirmed Plan, and the claims asserted by the Debtor in the Derivative Action are technically held by Defendant-Appellee CCD. The Confirmed Plan imposes no enforceable legal obligations on these non-Debtor entities and none of the claims these parties allegedly possess were ever property

of the Debtor's bankruptcy estate. *See* 11 U.S.C. § 541(a). Therefore, even if the non-Debtor Appellants are successful in having the Bankruptcy Court adjudicate their claims (including the Derivative Action), the Bankruptcy Court still lacks the authority to require those parties to allocate their hypothetical recovery to the Debtor's creditors. In no way can *Valley Historic* be construed to confer bankruptcy court jurisdiction on the affirmative legal claims of these non-Debtor entities when the Confirmed Plan itself does not subject those same parties to the jurisdiction of the Bankruptcy Court.

As recognized by the District Court, that leaves the Appellants (principally the Debtor) in the position of establishing the close nexus by arguing that a hypothetical recovery from the Actions might accelerate the Debtor's existing agreement to pay her unsecured creditors in full from "continued operation of her business activities." (J.A. 172). Even if the non-Debtor Appellant's fall under the umbrella of the Confirmed Plan, the District Court correctly noted that the Actions will not add anything to what the Debtor already agreed she would do (*i.e.*, pay her creditors in full). If, as the District Court found, the possibility of an increased payout to unsecured creditors does not confer "related to" jurisdiction, then it is certainly illogical to conclude that a speculative acceleration of an already-promised full payout would be adequate to establish a close nexus to the Confirmed Plan. *See, e.g., Montana v. Goldin (In re Pegasus Gold Corp.)*, 394

F.3d 1189, 1194 n.1 (9th Cir. 2005); *In re Resorts, Int'l, supra*, 372 F.3d at 170 ("[I]f the mere possibility of a gain or loss of trust assets sufficed to confer bankruptcy court jurisdiction, any lawsuit involving a continuing trust would fall under the 'related to' grant. Such a result would widen the scope of bankruptcy court jurisdiction beyond what Congress intended for non-Article III bankruptcy courts.").

Therefore, as held by the Bankruptcy Court and District Court, there was no basis to conclude that a creditor of the Debtor's bankruptcy estate could have believed it was to be paid from proceeds derived from the Actions (whether asserted by the Debtor or a related entity). Based on the plain language of the Confirmed Plan, the Appellants simply cannot demonstrate that pursuit of the Actions "could conceivably have any effect on the estate being administered in bankruptcy." *In re Celotex Corp.*, 124 F.3d 619, 626 (4th Cir. 1997), *quoting Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984). Utilizing the framework established by *Valley Historic*, the Bankruptcy Court and District Court correctly concluded that the Actions had no bearing on the administration or execution of the Debtor's Confirmed Plan, and there was no close nexus between the Actions and the Debtor's bankruptcy proceeding. Dismissal of the Actions was the only appropriate result.

## **CONCLUSION**

Based on the foregoing citation to evidence and precedent, the District Court was correct in affirming the Bankruptcy Court's dismissal of the Actions.  This Court should affirm the District Court's decision.

This the 21st day of August, 2015.

AYERS & HAIDT, P.A.

By: */s/ David J. Haidt*
David J. Haidt
N.C. State Bar No. 22092
Post Office Box 1544
New Bern, NC 28563
Telephone: (252) 638-2955
Facsimile: (252) 638-3293
davidhaidt@embarqmail.com
*Attorney for Appellees*

## **STATEMENT REGARDING ORAL ARGUMENT**

The Appellees do not request that the Court hear oral argument in this case.

## **CERTIFICATE OF COMPLIANCE**

This Corrected Brief of Appellees has been prepared using:

Microsoft Word

Times New Roman

14 Point Type Space

Exclusive of the Table of Contents, Table of Authorities, Request for Oral Argument, and the Certificate of Filing and Service, this Corrected Brief of Appellees contains 18 pages.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the Corrected Brief and/or a copy of the work or line printout.

## <u>CERTIFICATE OF SERVICE</u>

I, David J. Haidt, Post Office Drawer 1544, New Bern, North Carolina 28563, certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on the 21st day of August, 2015, I served copies of the foregoing Corrected Brief of Appellees on the parties listed below by electronic service, via CM/ECF.

I certify under penalty of perjury that the foregoing is true and correct.

EXECUTED ON:  August 21, 2015

AYERS & HAIDT, P.A.

*/s/ David J. Haidt*
By:  David J. Haidt
Attorneys for Appellees
Post Office Box 1544
New Bern, NC  28563
(919) 638-2955
(919) 638-3293 (Fax)
N.C. State Bar No.:  22092

TO:

George M. Oliver, Esq. (via CM/ECF)
Attorney for Appellants

William C. Smith, Jr. (via CM/ECF)
Attorney for Appellants

F. Darryl Mills, Esq. (via CM/ECF)
Attorney for Appellees

20